## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| LESLEY BIRDSALL GREEN, | |
| Plaintiff, | |
| v. | Case No. _____ |
| WILLSCOT, INC. and WILLIAMS SCOTSMAN, INC. | |
| Defendants. | |

## NOTICE OF REMOVAL

**DEFENDANT WILLIAMS SCOTSMAN, INC. ("WILLSCOT"),** by its counsel, files this Notice of Removal of this action currently pending in the 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana, No. C-720797, Section 32, to this, the United States District Court for the Middle District of Louisiana, pursuant to and in accordance with 28 U.S.C §§ 1332, 1441, and 1446. The following is a short and plain statement of the grounds for removal to this Court.

## PROCEDURAL HISTORY

1. On or about July 1, 2022, Plaintiff Lesley Birdsall Green ("Plaintiff") filed a Petition for Damages naming WillScot Corporation, Williams Scotsman, Inc.,[1] and the Central Community School Board in the 19th Judicial District Court for the Parish of East Baton Rouge, captioned *Lesley Birdsall Green v. WillScot, Inc. et al.*, Case No. C-720797, Section 32 ("the State Court Action"). A Summons/Citation to William Scottsman Inc., was also issued on July 1, 2022.

2. Copies of the Summons/Citation, Petition, and a Request for Notice of Trial, Hearings and Orders were served on WillScot on July 7, 2022 via WillScot's registered agent for

1

service of process, CT Corporation. Copies of Plaintiff's Citation/Summons, Petition, and Notice served on WillScot via CT Corporation are attached to this Notice of Removal as **Exhibit A.**

3. The Petition arises from a 2021 incident Plaintiff alleges occurred as follows:

> On or about October 22, 2021, [Plaintiff] Mrs. Green was performing her duties as a special needs teacher and employee of the Central Community School System at Bellingrath Hills Elementary School.
>
> Mrs. Green was walking, as part of said duties, in one of multiple "temporary" classroom buildings supplied and maintained by [WillScot] to the Central Community School Board.
>
> Suddenly and without warning, the floor directly below Mrs. Green's right foot collapsed and/or gave way, causing her foot to sink suddenly into a hole in the floor.

(Compl. at ¶¶ 4-6, **Exhibit A**).[1]

4. On August 23, 2022, Plaintiff filed an Ex Parte Voluntary Motion for Partial Dismissal with Prejudice of the East Baton Rouge Parish School Board ("the School Defendant").[2] A copy of the Motion for Partial Dismissal of the School defendant and order are attached as **Exhibit B**.

5. The School Defendant is no longer a party to this action.

6. The only remaining defendant is WillScot.

7. Pursuant to 28 U.S.C. § 1446(a), WillScot attaches to this Notice of Removal copies of each paper that has been filed or served on WillScot in the State Court Action to date.

---

[1] WillScot denies liability to Plaintiff and reserves all, and does not waive any, of its defenses. WillScot denies the extent, duration, permanency, and causation of Plaintiff's alleged injuries and damages. WillScot only includes Plaintiff's factual allegations and a summary of her alleged injuries for purposes of the Court's jurisdictional review.

[2] After filing the Petition, Plaintiff's subsequent pleadings, including the Voluntary Motion for Partial Dismissal, identified the School Defendant as the "East Baton Rouge Parish School Board" in the caption, rather than the Central Community School Board (the School Defendant listed in the Petition). Regardless, the Dismissal makes clear that Plaintiff intended to dismiss the School Defendant, however named, and proceed only against WillScot. (Exhibit B).

8.     Together with those items attached as **Exhibits A-B**, this includes the following:

| Exhibit: | Document: |
|---|---|
| Exhibit A | Plaintiff's Petition, Citation, and Notice |
| Exhibit B | Voluntary Dismissal of School Defendant and Order |
| Exhibit C | WillScot's Answer to Plaintiff's Petition for Damages, Request for Notice, and Jury Order |
| Exhibit D | WillScot's Requests for Admissions to Plaintiff |
| Exhibit E | Plaintiff's Responses to Requests for Admissions |
| Exhibit F | Plaintiff's First Set of Interrogatories, First Set of Requests for Admissions, and First Set of Requests for Production to WillScot |

9.     WillScot issued its Requests for Admissions to Plaintiff (**Exhibit D**) to confirm that the amount in controversy exceeds $75,000. WillScot's filing of an Answer and affirmative defenses to the Petition and its issuance of discovery needed to determine removability in no way waive WillScot's right to remove or demonstrates any consent by WillScot to remain in State Court. *See Carpenter v. Ill. Cent. Gulf R.R. Co.*, 524 F. Supp. 249, 251 (M.D. La. 1981); *Johnson v. Packaging Corp. of Am.*, No. 18-613, 2019 WL 1271053, at *8 (M.D. La. Feb. 27, 2019).

10.    This Notice of Removal is filed on or before WillScot's deadline to respond to Plaintiff's discovery requests in the State Court Action (**Exhibit F**). As a result of and upon this removal, the deadline for WillScot to respond to Plaintiff's State Court discovery will not begin to run until after the parties have completed the Federal Rule of Civil Procedure 26 conference.

11.    Other than the materials included in **Exhibits A-F** to this Notice of Removal, no other pleadings or materials have been filed or served by any party in the State Court Action.

## REMOVAL JURISDICTION

12.    This action is one of a civil nature over which this Court has original subject matter jurisdiction under 28 U.S.C. § 1332(a). The parties are diverse and the amount in controversy is satisfied. This case is removable to this, the United States District Court for the Middle District

of Louisiana, as this is the Court for the district and division embracing the place where the State Court Action is currently pending (East Baton Rouge Parish).  *See* 28 U.S.C. §§ 1441(a), 1446(a).

## DIVERSITY OF CITIZENSHIP

13. In her Petition, Plaintiff affirmatively alleges that she resides and is domiciled in Louisiana and that she works as a teacher at a school in Louisiana.  (Compl. at pg. 1, ¶¶ 3-4).

14. Plaintiff is thus a Louisiana citizen for diversity jurisdiction purposes.

15. WillScot is a Delaware corporation that maintains its principal place of business in Arizona and that, at all relevant times, has been duly registered to do business in Louisiana.

16. WillScot is a citizen of Delaware (where it is incorporated) and Arizona (where it maintains its principal place of business) for diversity jurisdiction purposes. 28 U.S.C. § 1332(c).

17. With the School Defendant's dismissal, there are no other defendants named in this action other than WillScot.  Complete diversity of citizenship exists between Plaintiff (a citizen of Louisiana) and the only proper defendant, WillScot (a citizen of Delaware and Arizona).  *See* 28 U.S.C. § 1332(a)(1), (c)(1)(A); *Exxon Mobile v. Allapattah Servs.*, 545 U.S. 546, 553-54 (2005).

## AMOUNT IN CONTROVERSY

18. Plaintiff alleges that the incident, and the alleged "force of the drop and jerking motions to both her ankle, knee, back, and neck," caused her "severe injuries."  (Compl. at ¶ 6).

19. Plaintiff alleges that "the [alleged] injuries to Mrs. Green's ankle include a torn ligament which have required surgical intervention and months of treatment."  (Compl. at ¶ 6).

20. Plaintiff further alleges that the alleged incident caused her "severe and disabling injuries" including: (1) "torn tendons/ligaments to her right ankle, requiring surgery and prolonged treatment and immobilization"; (2) "strains, sprains, and other injuries to her right knee"; (3)

4

"strains, sprains, and other injuries to her neck and back as a result of the fall"; and (4) "other injuries from the facts…, which will be more fully established at trial." (Compl. at ¶ 11).

21. Plaintiff includes in her Petition claims for the following damages:

- Physical pain and suffering (past, present, future);
- Mental pain, anguish, and distress (past, present, future);
- Loss of enjoyment of life (past, present, future);
- Lost wages (past, present, future);
- Disability (past, present, future);
- Medical expenses (past, present, future); and
- Impairment of earning capacity (past, present, future).

(Compl. at ¶ 12).

22. Nevertheless, pursuant to state law, Plaintiff does not plead a specific monetary amount of damages. Rather, Plaintiff prays "for compensatory damages in an amount that will fully and adequately satisfy the demands of justice and equity, together with legal interest from date of judicial demand, until paid, and for all costs of these proceedings." (Compl. at pg. 6).

23. "Because plaintiffs in Louisiana state courts, by law, may not specify the numerical value of claimed damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Gebbia v. Wal-Mart Stores*, 233 F.3d 880, 882 (5th Cir. 2000) (citing 3 LA. CODE CIV. P. art. 893 (West Supp. 2000); *Luckett v. Delta Airlines*, 1717 F.3d 295, 298 (5th Cir. 1999)). The defendant meets their burden by either "demonstrating that the claims are likely above $75,000 in sum or value, or by setting forth the facts in controversy that support a finding of the requisite amount." *Id.*; *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995); *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999)).

5

24. Given its obligation to prove the amount in controversy by a preponderance of the evidence, and this Circuit's disfavor for "protective removals,"[3] WillScot served a single set of Requests for Admissions on Plaintiff to confirm that the amount in controversy exceeds $75,000.

25. Plaintiff responded to WillScot's Requests for Admissions on September 22, 2022.

26. In her September 22 responses to Requests for Admissions, Plaintiff admits that:

    (1) She claims that her general and special damages associated with the subject incident collectively exceed $75,000, excluding interest and costs;

    (2) She claims that her general damages from the incident exceed $75,000; and

    (3) She is seeking to recover a sum in excess of $75,000 due to the incident.

(Pl.'s Resp. to RFAs, Nos. 1, 3, 5, **Exhibit E**).

27. Courts in the Fifth Circuit have held that discovery admissions like these—where Plaintiff admits in response to Requests for Admissions that the amount in controversy exceeds $75,000—satisfy a defendant's burden of proving the jurisdictional threshold is met. *See, e.g.*, *Cook v. Wabash Nat'l Trailer Ctrs.*, No. 03-0955, 2003 WL 21488125, at *2 (E.D. La. June 20, 2003) (plaintiffs' discovery admission that they seek damages in excess of $75,000 "conclusively establishes that the Defendants properly removed [the] matter to federal court"); *Perez v. VanHorn Trucking, LLC*, No. 20-655-SDD-EWD, 2020 WL 7495592, at *1 n.7 (M.D. La. Dec. 21, 2020); *Terrell v. Hall*, No. 20-855-JWD-EWD, 2020 WL 7776539, at *1 n.6 (M.D. La. Dec. 30, 2020).

28. In her discovery responses, Plaintiff also denied that she would stipulate that her total damages are below $75,000. (Pl.'s Resp. to RFAs, Nos. 4, **Exhibit E**). Courts in this Circuit have found such denials to be proof supporting the defendant's burden on the amount in

---

[3] *See, e.g.*, *Hopkins v. Crown Assocs., LLC*, No. 18-595-BAJ-EWD, 2018 WL 8496020, at *7 & n.50 (M.D. La. Oct. 25, 2018) (citing and discussing *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 162 (5th Cir. 1992); *Mumfrey v. Powermatic, Inc.*, 719 F.3d 392, 400 (5th Cir. 2013); *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211-12 (5th Cir. 2002)); *Nordman v. Kansas City S. Railway Co.*, No. 08-2025, 2009 WL 976493, at *3 (W.D. La. Apr. 9, 2009).

controversy. *See, e.g.*, *Broadway v. Wal-Mart Stores, Inc.*, No. 00-1893, 2000 WL 1560167, at *2 (E.D. La. Oct. 18, 2000) (failure to stipulate that amount in controversy is below $75,000 is evidence that the amount in controversy exceeds the requisite amount) (citing *Reid v. Delta Gas, Inc.*, 837 F. Supp. 751, 752-53 (M.D. La. 1993)); *Giannoble v. Wal-Mart Stores, Inc.*, No. 97-1684, 1997 WL 403285, at *2 (E.D. La. July 16, 1997) (denying motion to remand where plaintiffs "specifically refused to admit or stipulate that the amount in controversy is less than $75,000.00").

29. As Plaintiff's discovery responses confirm, the amount in controversy is satisfied.

30. WillScot has met its burden of proving the jurisdictional amount is satisfied.

## NOTICE OF REMOVAL IS TIMELY

31. Generally, notices of removal must be filed within 30 days of a defendant's receipt of a copy of the plaintiff's initial pleading setting forth the claim for relief. 28 U.S.C. § 1446(b)(1).

32. However, if a case "stated by the [plaintiff's] initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

33. If the reason the case stated in an initial pleading was not removable on its face is solely due to the amount in controversy, information relating to the amount in controversy in responses to discovery is treated as an "other paper" for purposes of Section 1446(b)(3) and a notice of removal may be filed within 30 days of defendant's receipt of that "other paper." 28 U.S.C. § 1446(c)(3)(A); *see Shiloh Missionary Baptist Church of Mooringsport, Inc. v. Travelers Indemn. Co. of Conn.*, No. 20-cv-0081, 2020 WL 9720255, at *3 & n.1 (W.D. La. Apr. 17, 2020).

34. Here, Plaintiff's Petition was not originally removable because it did not state a precise monetary amount of damages sought or otherwise disclose the amount in controversy.

35. WillScot served Requests for Admissions in the State Court Action in order to ascertain the true amount in controversy in Plaintiff's cause. **(Exhibit D).** It was only on receipt of Plaintiff's responses to those Requests **(Exhibit E)** that WillScot could confirm that the amount in controversy was satisfied and that Plaintiff was indeed seeking damages in excess of $75,000.

36. Plaintiff's Responses to Requests for Admissions, served on September 22, 2022, constitute an "other paper" under 28 U.S.C. § 1446(b)(3). It was only on receipt of those responses on September 22 that WillScot's 30-day window to remove the case to federal court was triggered.

37. This Notice of Removal is timely filed well within 30 days of September 22, 2022.

38. There is no other barrier to WillScot's removal of this action.

39. Plaintiff commenced the State Court Action by filing suit on or about July 1, 2022. This Notice is filed well less than one year after Plaintiff began her case. 28 U.S.C. § 1446(d).

## NOTICE TO ADVERSE PARTIES AND STATE COURT

40. Because this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, this action is removable to this Court pursuant to 28 U.S.C. § 1441 and subject to 28 U.S.C. § 1446.

41. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, WillScot will serve on Plaintiff (the only adverse party), through her counsel, a true and correct copy of this Notice of Removal. WillScot also will file a copy of this Notice of Removal with the Clerk of the 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana.

**WHEREFORE**, WillScot timely removes the State Court Action to this Court for further proceedings at law pursuant to and in accordance with 28 U.S.C. §§ 1332, 1441, and 1446, and prays that the above-entitled cause on the docket of the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, be removed from that Court to the docket of the United States Middle District of Louisiana, for trial by jury.

Respectfully submitted,

**TAYLOR, WELLONS, POLITZ & DUHE, LLC**

By: *s/Jen A. O'Connell*_____
Marvin Olinde (La Bar 07402)
Jen A. O'Connell (La Bar 34700)
4041 Essen Lane, Suite 500
Baton Rouge, LA 70809
Telephone: (225) 387-9888
Fax: (225) 387-9886
molinde@twpdlaw.com
joconnell@twpdlaw.com
***Counsel for WILLIAMS SCOTSMAN, INC.***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has this date been served on all known counsel of record in this proceeding by:

( )  Hand Delivery            ( )  Prepaid U.S. Mail
( )  Facsimile                ( )  Federal Express
(x)  Electronic Mail

Baton Rouge, Louisiana this 5th day of October, 2022.


___*s/Jen A. O'Connell*_____
**TAYLOR, WELLONS, POLITZ & DUHE, LLC**