19TH JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

NO: 720797                                             DIV. "C"

LESLEY BIRDSALL GREEN

VERSUS

WILLSCOT, INC. AND EAST BATON ROUGE PARISH SCHOOL BOARD

---

### PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANT, WILLSCOT, INC.

---

NOW INTO COURT, through undersigned counsel, comes **LESLEY BIRDSALL GREEN**, who, pursuant to the Louisiana Code of Civil Procedure, propounds the following Requests for Admission to defendant, **WILLSCOT, INC.** (hereinafter referred to as "Willscot") to be answered in writing, under oath, and within the applicable delay provided by the Louisiana Code of Civil Procedure:

**REQUEST FOR ADMISSION NO. 1:**

Admit that Willscot owned the subject property commonly referred to as a "T" or "temporary building" which gives rise to this litigation.

**REQUEST FOR ADMISSION NO. 2:**

Admit that Willscot agreed, by contract or otherwise, to provide temporary buildings to the subject Baton Rouge school.

**REQUEST FOR ADMISSION NO. 3:**

Admit that Willscot agreed, by contract or otherwise, to provide temporary buildings to the subject Baton Rouge school with floors which are not rotted and/or incapable of sustaining human weight.

**REQUEST FOR ADMISSION NO. 4:**

Admit that Willscot inspected the temporary buildings provided to the subject Baton Rouge school prior to their delivery/provision to the subject Baton Rouge school.

**REQUEST FOR ADMISSION NO. 5:**

Admit that Willscot inspected the temporary buildings after their provision to the subject Baton Rouge school and before the date of the subject accident.



**REQUEST FOR ADMISSION NO. 6:**

Admit that Willscot received notice via any communication of structural deficiencies, rot, mold, or any other defect in the temporary buildings provided to the subject Baton Rouge school between their provision to the Baton Rouge school and the subject accident.

**REQUEST FOR ADMISSION NO. 7:**

Admit that Willscot performed any act of maintenance or repair to any temporary buildings provided to the subject Baton Rouge school after their provision to the subject Baton Rouge school and before the subject accident.

**REQUEST FOR ADMISSION NO. 8:**

Admit that Willscot performed any act of maintenance or repair to any temporary buildings provided to the subject Baton Rouge school after their provision to date.

**REQUEST FOR ADMISSION NO. 9:**

Admit that Willscot inspected any temporary buildings provided to the subject Baton Rouge school after their provision to date.

**REQUEST FOR ADMISSION NO. 10:**

Admit that Willscot inspected the subject temporary building which gives rise to the subject litigation after its provision to the subject Baton Rouge school and before the subject accident.

**REQUEST FOR ADMISSION NO. 11:**

Admit that Willscot failed to repair or maintain the subject temporary building provided to the subject Baton Rouge school such that it could not bear human weight.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the above and foregoing instrument has this day been served on all parties in this proceeding by:

( ) Hand Delivery    ( ) Prepaid U.S. Mail
(X) Email    ( ) Overnight Mail Service
( ) Facsimile

Lafayette, Louisiana, this 1st day of September, 2022.

_____
RODGER "RORY" G. GREEN, JR.

Respectfully submitted,

GORDON    MCKERNAN    INJURY
ATTORNEYS

_____
RODGER "RORY" G. GREEN, JR. (36477)
Attorney for Plaintiff
2505 Verot School Road
Lafayette, Louisiana 70508
Telephone: (337) 347-7570
Fax: (337) 735-8008
rgreen@getgordon.com

19TH JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

NO: 720797                                                    DIV. "C"

LESLEY BIRDSALL GREEN

VERSUS

WILLSCOT, INC. AND EAST BATON ROUGE PARISH SCHOOL BOARD

---

### PLAINTIFF'S FIRST SET OF INTERROGATORIES
### TO DEFENDANT, WILLSCOT, INC.

---

NOW INTO COURT, through undersigned counsel, comes **LESLEY BIRDSALL GREEN**, who, pursuant to the Louisiana Code of Civil Procedure, propounds the following interrogatories to defendant, **WILLSCOT, INC.** (hereinafter referred to as "Willscot"):

**Definitions**

As used herein, either in the definitions or in the interrogatories themselves:

A.      The term "person" shall mean all natural and civil persons and includes any individual, association, corporation, partnership, firm, joint venture or any other business or legal entity; and includes any governmental or quasi governmental branch, department, bureau or agency.

B.      The term "document" shall mean any written, printed, non-printed, typed, photocopies, photographic, reproduced and graphic matter of any kind or character and any recorded or stored information, however produced or reproduced, (i) in your possession or control or (ii) known to you to exist, including (without limiting the generality of the foregoing), affidavits, agreements, books, calendars, communications, contracts, correspondence, desk pads, desk pads, diaries, diary or calendar entries, ledgers and ledger entries, lists, memoranda, minutes and minute entries, notes, printouts, records of meetings, conferences and telephone or other conferences, conversations or communications, reports, statements, studies, telegrams, teletypes and/or workpapers, and information stored in computers or other data storage or processing equipment, or in magnetic or electronic media, microfilm or microfiche or other form which can be retrieved or printed out or reduces to readable form through proper programming, decoding or processing, together with the necessary instructions for understanding, using or reproducing same.

The term "document" also includes originals and all copies of documents containing notes, notations, comments, observations, remarks, underscoring, marks made for emphasis, highlighting,

or attention and encircling, relating or referring in any way to the subject matter of these interrogatories.

        C.      The terms "you" and "your" shall mean **WILLSCOT, INC.** and every individual who, because acting as your representative, in the investigation or preparation of this action of this action and your agents, attorneys, investigators and representatives having knowledge of any matter which is the subject of this discovery pleading who can furnish information.

        D.      The term "act" shall mean any act occurrence, occasion, meeting, transaction, or conduct.

        E.      "Identify" in connection with a "document" means to:

            (1)    State the type of document (letter, memorandum, etc); state the date of the document; the name and address of its author; the name and address of the person to whom the document was addressed; the names and addresses of all persons to whom copies of the document were to have been sent and the business affiliation of all such persons as of the date of the document, and, further, if the document is an agreement or contract, the date on which it was entered into, the place where it was confected, its terms and/or conditions, the present location of an original copy thereof, the name and address of its custodian and the contents thereof. If the agreement or contract has been amended or supplemented, this must be stated and the above information furnished on each such amendment or supplement.

            (2)    State whether you or anyone acting in your behalf are in possession of the original copy and identify the person having custody. If you do not possess the original, state (a) who does, and (b) the location and custodian of any copy of the original. In lieu of "identifying" any document, a copy thereof may be supplied, if you sufficiently relate the supplied copy to the pertinent inquiry herein.

        F.      "Identify" in connection with a "person" means to:

            (1)    State the person's name, title, present address, if known, or past address if the present address is not known, telephone number, present business affiliations, title and position; and,

            (2)    State the person's relationship to you, his present employer and his employer at the time the person identified acquired information sought from such persons.

        G.      "Identify" in connection with a "partnership or corporation" means to:

            (1)    State its full name, its state of organization or incorporation, and its principal place of business; and

            (2)    State the partnership or corporation's relationship to you.

        H.      "Identify" in connection with a person other than an individual, partnership or corporation, means to state the person's official name, the person's organization's form and the person's present address.

I.      "Identify" in connection with any "act" shall mean to set forth the event or events constituting such an act, its location, the date and person participating, present or involved, and to identify documents relating or referring in any way thereto; when used in reference to any oral conversation, or discussion, it shall mean, in addition to the foregoing, to set forth the substance of what was said, when, where, by and to whom.

J.      "Describe" or "specify" mean:

    (1)    Describe fully and in detail by reference to underlying facts rather than reference to ultimate fats or conclusions of fact or law;

    (2)    Particularize as to time, place and participants; and

    (3)    Set forth all relevant facts necessary to a complete understanding of the act, process, event, or thing in question.

K.      Words herein of any gender shall be deemed to include all other genders and the singular be deemed to encompass the plural.

L.      The term "and" means both the conjunctive "and" and the disjunctive "or" and the words "and/or".

M.      The term "your property" means any and all modular buildings, storage containers, or similar temporary, transportable, or above-ground items you produce, own, manage, repair, maintain, lease, or other provide to customers akin to the subject temporary building/structure which gives rise to the subject litigation.

**Instructions**

A.      Each of the interrogatories shall be answered separately and fully, in writing under oath, unless it is objected to, in which event, the reasons for objection shall be stated in lieu of an answer within thirty (30) days after service of these interrogatories.

B.      The answers shall be signed by the person making them and the objections signed by the attorney making them.

C.      Whenever an estimate rather than the exact information has been used in your answers, please state that your response is an estimate and state all the reasons why exact information is unavailable.

D.      Defendant shall produce any documents relating to any answer to interrogatory as they are kept in the ordinary course of business, or shall organize and label them.

**Supplementation of Responses**

Your responses to this discovery pleading shall be supplemented as required by Article 1428 of the Louisiana Code of Civil Procedure.

### Objection to or Failure to Answer by
### "Claim of Privilege" or "Work Product"

If any interrogatory (or part thereof) herein propounded is objected to or is not fully, truthfully and completely answered because of either a claim or privilege or a claim that the answer constitutes the mental impression, conclusion, opinion or legal theory of any attorney concerning this litigation; then, as though this request were made a separate and integral part of each such interrogatory (or any part thereof) or request for production:

A.    State the complete basis for the claim of privilege and identify all persons having knowledge of any of the facts which you claim to be privileged.

B.    State the complete basis for your claim that the information constitutes the mental impression, conclusion, opinion or legal theory of any attorney concerning this litigation and identify all persons having knowledge of any of the facts which you claim to be mental impressions, conclusions, opinions, or legal theories you refer.

### Objection of "prematurity"

Out of an abundance of caution, Plaintiff notes that "prematurity" is not a valid objection under the Louisiana Code of Civil Procedure. Any information or materials in Defendant's possession, or which may be reasonably acquired by Defendant, which are responsive to Plaintiff's requests must be provided and, if needed, supplemented upon acquisition.

### INTERROGATORY NO. 1:

Please identify, including name, employment position or title, address, and phone number, any and all persons responsible for the management of your property leased or provided to the subject Baton Rouge school.

### INTERROGATORY NO. 2:

Please identify, including name, employment position or title, address, and phone number, any and all persons responsible for the inspection of your property leased or provided to the subject Baton Rouge school, before, during, and after it is leased or provided to any customers in Louisiana, including but not limited to the subject Baton Rouge school.

### INTERROGATORY NO. 3:

Please identify, including name, employment position or title, address, and phone number, any and all persons responsible for the repair and maintenance of any such property leased or provided to customers in Louisiana for the three (3) years prior to this accident and at all times since the subject incident.

**INTERROGATORY NO. 4:**

Please identify persons responsible for the reporting or recording accidents and injuries in or on any properties you have or are currently leasing or have provided to any customer in Louisiana at any time in the last three (3) years.

**INTERROGATORY NO. 5:**

Please identify all communications, statements, reports, or other materials indicating your provision of property to the subject Baton Rouge school over the last five (5) years, including but limited to all contracts, descriptions, agreements, and logistical/delivery records.

**INTERROGATORY NO. 6:**

Please identify all communications, statements, records, reports, and all other materials relating in any way to the maintenance, repair, retention, inspection, replacement, and other management of any and all properties leased or provided to the subject Baton Rouge school in the last three (3) years.

**INTERROGATORY NO. 7:**

Please identify any and all individuals with knowledge of relevant facts of the accident made the basis of this lawsuit and briefly describe their knowledge.

**INTERROGATORY NO. 8:**

Please describe all inspections, maintenance, and/or repairs performed by you and on your behalf on the any of the properties you provided to the subject Baton Rouge in the last five (5) years, including dates and a description of each such action.

**INTERROGATORY NO. 9:**

Please identify any and all insurance companies, policies, and terms of self-insurance or self-insured retainer, both primary and excess, which may be applicable to the claims herein, specifying the insurer, the insured, and the liability limits for each policy identified.

**INTERROGATORY NO. 10:**

Identify by full name, address, phone number, and employer of any and all expert witnesses you may call at the time of the trial of this matter. For each such expert, specify the subject matter on which they will testify, the facts known to each expert which form a basis for their opinions, whether each such experts has prepared any written report and the date of each such report.

**INTERROGATORY NO. 11:**

Please state whether it is the contention of defendants that Lesley Birdsall Green was, in any way, contributorily negligent in causing the injuries she sustained on the date in question, and if so the basis of these contentions, the persons with any information to support such contentions, and whether any statements have been made or recorded by you and anyone on your behalf which contain information which allegedly supports these contentions.

**INTERROGATORY NO. 12:**

Please state whether you, your client, or any agent/representative of you and/or Defendant has conducted or attempted to conduct any surveillance of the Petitioner on or since the date of the incident made the basis of this litigation. This request includes but is not limited to any videotapes, audiotapes, photographs, and/or visual surveillance, and the identity of such persons as conducted such surveillance.

**INTERROGATORY NO. 13:**

Please describe all accidents and injuries in or on any properties you have or are currently leasing or have provided to any customer in Louisiana at any time in the last three (3) years.

**INTERROGATORY NO. 14**:

Please identify any and all persons who you will call to testify at the trial of this matter and provide a brief description of each person's anticipated testimony.

**INTERROGATORY NO. 15:**

Please list all exhibits and/or documentary evidence that you plan on introducing at the trial of this matter.

**INTERROGATORY NO. 16:**

If you contend that Plaintiff suffered from any injury or symptom that pre-dated the subject incident, please describe each injury or symptom and the source of the information upon which your contention is based.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the above and foregoing instrument has this day been served on all parties in this proceeding by:

( ) Hand Delivery    ( ) Prepaid U.S. Mail
(X) Email           ( ) Overnight Mail Service
( ) Facsimile

Lafayette, Louisiana, this 1st day of September, 2022.

_____
RODGER "RORY" G. GREEN, JR.

Respectfully submitted,

GORDON      MCKERNAN      INJURY ATTORNEYS

_____
RODGER "RORY" G. GREEN, JR. (36477)
Attorney for Plaintiff
2505 Verot School Road
Lafayette, Louisiana 70508
Telephone: (337) 347-7570
Fax: (337) 735-8008
rgreen@getgordon.com

19TH JUDICIAL DISTRICT COURT FOR THE PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

NO: 720797                                                          DIV. "C"

### LESLEY BIRDSALL GREEN

### VERSUS

### WILLSCOT, INC. AND EAST BATON ROUGE PARISH SCHOOL BOARD

---

### PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION
### TO DEFENDANT, WILLSCOT, INC.

---

These Requests for Production are served on Defendant, **WILLSCOT, INC.** (hereinafter referred to as "Willscot") by plaintiff, **LESLEY BIRDSALL GREEN**. Please take notice that Defendant is required to answer the following requests for production under oath and serve documents on the undersigned attorneys within thirty (30) days after the service of these requests for production and promptly supplement such responses when supplemental information is obtained between the date of the original answers and the time of trial.

**Definitions**

As used herein, either in the definitions or in the interrogatories themselves:

A.    The term "person" shall mean all natural and civil persons and includes any individual, association, corporation, partnership, firm, joint venture or any other business or legal entity; and includes any governmental or quasi governmental branch, department, bureau or agency.

B.    The term "document" shall mean any written, printed, non-printed, typed, photocopies, photographic, reproduced and graphic matter of any kind or character and any recorded or stored information, however produced or reproduced, (i) in your possession or control or (ii) known to you to exist, including (without limiting the generality of the foregoing), affidavits, agreements, books, calendars, communications, contracts, correspondence, desk pads, diaries, diary or calendar entries, ledgers and ledger entries, lists, memoranda, minutes and minute entries, notes, printouts, records of meetings, conferences and telephone or other conferences, conversations or communications, reports, statements, studies, telegrams, teletypes and/or workpapers, and information stored in computers or other data storage or processing equipment, or in magnetic or electronic media, microfilm or microfiche or other form which can be retrieved or printed out or reduces to readable form through proper programming, decoding or processing, together with the necessary instructions for understanding, using or reproducing same.

The term "document" also includes originals and all copies of documents containing notes, notations, comments, observations, remarks, underscoring, marks made for emphasis, highlighting, or attention and encircling, relating or referring in any way to the subject matter of these interrogatories.

C.     The terms "you" and "your" shall mean **WILLSCOT, INC.** and every individual who, because acting as your representative, in the investigation or preparation of this action of this action and your agents, attorneys, investigators and representatives having knowledge of any matter which is the subject of this discovery pleading who can furnish information.

D.     The term "act" shall mean any act occurrence, occasion, meeting, transaction, or conduct.

E.     "Identify" in connection with a "document" means to:

    (1)     State the type of document (letter, memorandum, etc); state the date of the document; the name and address of its author; the name and address of the person to whom the document was addressed; the names and addresses of all persons to whom copies of the document were to have been sent and the business affiliation of all such persons as of the date of the document, and, further, if the document is an agreement or contract, the date on which it was entered into, the place where it was confected, its terms and/or conditions, the present location of an original copy thereof, the name and address of its custodian and the contents thereof. If the agreement or contract has been amended or supplemented, this must be stated and the above information furnished on each such amendment or supplement.

    (2)     State whether you or anyone acting in your behalf are in possession of the original copy and identify the person having custody. If you do not possess the original, state (a) who does, and (b) the location and custodian of any copy of the original. In lieu of "identifying" any document, a copy thereof may be supplied, if you sufficiently relate the supplied copy to the pertinent inquiry herein.

F.     "Identify" in connection with a "person" means to:

    (1)     State the person's name, title, present address, if known, or past address if the present address is not known, telephone number, present business affiliations, title and position; and,

    (2)     State the person's relationship to you, his present employer and his employer at the time the person identified acquired information sought from such persons.

G.     "Identify" in connection with a "partnership or corporation" means to:

    (1)     State its full name, its state of organization or incorporation, and its principal place of business; and

    (2)     State the partnership or corporation's relationship to you.

H.    "Identify" in connection with a person other than an individual, partnership or corporation, means to state the person's official name, the person's organization's form and the person's present address.

I.    "Identify" in connection with any "act" shall mean to set forth the event or events constituting such an act, its location, the date and person participating, present or involved, and to identify documents relating or referring in any way thereto; when used in reference to any oral conversation, or discussion, it shall mean, in addition to the foregoing, to set forth the substance of what was said, when, where, by and to whom.

J.    "Describe" or "specify" mean:

(1)    Describe fully and in detail by reference to underlying facts rather than reference to ultimate fats or conclusions of fact or law; and
(2)    Particularize as to time, place and participants; and
(3)    Set forth all relevant facts necessary to a complete understanding of the act, process, event, or thing in question.

K.    Words herein of any gender shall be deemed to include all other genders and the singular be deemed to encompass the plural.

L.    The term "and" means both the conjunctive "and" and the disjunctive "or" and the words "and/or".

M.    The term "your property" means any and all modular buildings, storage containers, or similar temporary, transportable, or above-ground items you produce, own, manage, repair, maintain, lease, or other provide to customers akin to the subject temporary building/structure which gives rise to the subject litigation.

### Instructions

A.    Each of the Requests for Production shall be responded to separately and fully, unless it is objected to, in which event, the reasons for objection shall be stated in lieu of an answer within thirty (30) days after service of these Requests for Production.

B.    Defendant shall produce any documents relating to any answer to a Request for Production as they have been kept in the usual course of business, or shall organize and label them to correspond with the categories requested.

C.    In those instances where the requested information is stored only on software or other date compilations, the responding party should either produce the raw data along with all codes and programs for translating it into usable form, or produce the information in a finished

usable form, which would include all necessary glossaries, keys, and indices for interpretation of the material.

**Objection to or Failure to Answer by**
**"Claim of Privilege" or "Work Product"**

If any Request for Production (or part thereof) herein propounded is objected to or is not fully, truthfully and completely answered because of either a claim or privilege or a claim that the answer constitutes the mental impression, conclusion, opinion or legal theory of any attorney concerning this litigation; then, as though this request were made a separate and integral part of each such request for production:

A.      State the complete basis for the claim of privilege and identify all persons having knowledge of any of the facts which you claim to be privileged.

B.      State the complete basis for your claim that the information constitutes the mental impression, conclusion, opinion or legal theory of any attorney concerning this litigation and identify all persons having knowledge of any of the facts which you claim to be mental impressions, conclusions, opinions, or legal theories you refer.

**REQUEST FOR PRODUCTION NO. 1:**

Please produce a **CERTIFIED** copy of any and all policies of insurance coverage, both primary, excess, umbrella, self-insured, or otherwise relating to subject store which were in effect at the time of the accident made the basis of this lawsuit.

**REQUEST FOR PRODUCTION NO. 2:**

Please produce copies of any and all documents, statements, photographs, video surveillance, incident reports, and/or other information generated by any person or persons investigating the incident in question **and/or** the plaintiff in any manner, including but not limited to all photographs, reports, and videos of the subject property/temporary building in the three (3) years before, during, and after the subject accident.

**REQUEST FOR PRODUCTION NO. 3:**

Please produce true and complete copies of any and all accident reports, investigative reports, incident reports, and/or statements made regarding the subject property/temporary building or concerning the subject matter of this suit, whether written statements, tape recordings, video statements, and/or transcripts.

**REQUEST FOR PRODUCTION NO. 4:**

Please produce a copy of all documents and materials regarding any and all inspections, work orders, work assignments, repair logs, invoices or receipts regarding the maintenance, repair, replacement, or other management of your property/temporary buildings provided to the subject Baton Rouge school in the last three (3) years.

**REQUEST FOR PRODUCTION NO. 5:**

Please produce copies of any and all procedures, policies, guidelines, manuals, memoranda, directives, initiatives, communications, and/or standards in effect at the time of this accident regarding use, maintenance, and repairs of any of your properties/temporary buildings leased, rented to, or provided to the subject Baton Rouge school.

**REQUEST FOR PRODUCTION NO. 6:**

Please produce any and all incident reports, complaints, and other documents, communications, and materials regarding the condition of any property/temporary building provided to the subject Baton Rouge school, including but not limited to the condition of such properties' floors, walls, mold presence, or rot.

**REQUEST FOR PRODUCTION NO. 7:**

Please produce all communications, statements, reports, or other materials indicating your provision of property to the subject Baton Rouge school over the last five (5) years, including but limited to all contracts, descriptions, agreements, and logistical/delivery records.

**REQUEST FOR PRODUCTION NO. 8:**

Please produce any and all expert reports which have been prepared by any expert which has been consulted by the defendants, including any and all Curriculum Vitae(s) and/or resume(s) of any and all person(s) who may be used as an expert witness(es) herein.

**REQUEST FOR PRODUCTION NO. 9:**

True and complete copies of all notes, memorandums, documents, photographs, correspondence, and/or reports that were provided to any expert witness **AND** any notes, memorandums, documents, photographs, correspondence and/or reports prepared by any expert witnesses.

**REQUEST FOR PRODUCTION NO. 10:**

Any and all exhibits which you intend to introduce at the trial of this case, including but not limited to, all demonstrative exhibits, charts, documents, and/or photographic enlargements.

**REQUEST FOR PRODUCTION NO. 11:**

Any and all medical reports, bills, and/or records in your possession concerning the plaintiff in this matter.

**REQUEST FOR PRODUCTION NO. 12:**

Any and all documents for any other accidents, injuries, symptoms, or claims of plaintiff in your possession, and any and all documents for other accidents involving injuries at the on any properties you have provided to any customer in Louisiana in the last three (3) years.

**REQUEST FOR PRODUCTION NO. 13:**

Please produce any and all communications, statements, records, or reports in your possession made to or by Plaintiff.

**REQUEST FOR PRODUCTION NO. 14:**

Please produce copies of any and all statements, recordings, or videotape that were obtained by you or any third party in connection with any investigation of the subject incident, of plaintiff, or any issue involved in this proceeding.

| **CERTIFICATE OF SERVICE** | Respectfully submitted, |
|---|---|
| I HEREBY CERTIFY that a copy of the above and foregoing instrument has this day been served on all parties in this proceeding by: | GORDON      MCKERNAN      INJURY ATTORNEYS |
| ( ) Hand Delivery  ( ) Prepaid U.S. Mail<br>(X) Email        ( ) Overnight Mail Service<br>( ) Facsimile | *[signature]* |
| Lafayette, Louisiana, this 1st day of September, 2022. | RODGER "RORY" G. GREEN, JR. (36477)<br>Attorney for Plaintiff<br>2505 Verot School Road<br>Lafayette, Louisiana 70508<br>Telephone: (337) 347-7570<br>Fax: (337) 735-8008<br>rgreen@getgordon.com |
| *[signature]*<br>RODGER "RORY" G. GREEN, JR. | |